```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
ADRIENNE REGINA JACKSON,            :
                                    :
                Plaintiff,          :        ORDER ADOPTING REPORT
                                    :        AND RECOMMENDATION
        -v.-                        :        12 Civ. 654 (DAB)
                                    :
BARBARA HANSON, Principal,          :
ELLISA O'BRIEN, Asst. Principal, and:
                                    :
                Defendants.         :
------------------------------------X
```
DEBORAH A. BATTS, United States District Judge:

On July 17, 2013, United States Magistrate Judge Debra Freeman issued a Report and Recommendation ("Report"), recommending that Defendants Elissa O'Brien, Barbary pro se Plaintiff Adrienne Regina Jackson's ("Plaintiff" or "Jackson") employment discrimination action, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII") be dismissed. For the reasons set forth below, after conducting the appropriate level of review, the Report of Magistrate Judge Debra Freeman dated July 17, 2013 is ADOPTED in its entirety. Accordingly, Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(5),(6) is converted to a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 and Local Rule 12.1, and the Motion for Summary Judgment is GRANTED.

I. BACKGROUND

The Report sets forth the facts in this matter in meticulous

detail, and they will not be restated here. (Report at 1-7.)

In a letter dated September 10, 2013, Plaintiff indicated to the Court that, due to an error on the electronic docket, she never received notice to file Objections to Report and Recommendation. (ECF No. 29.) A review of the submissions led the Court to conclude that, due to no fault of Jackson but of Court docketing, there was an entry of the incorrect address on the electronic docket. (ECF No. 30.) As such, the Court granted Plaintiff 14 extra days to file Objections to the Report and Recommendation, (id.), and Plaintiff filed an Objection to the Report on October 18, 2013. (ECF No. 31.)

II. DISCUSSION

A. Standard of Review for a Report and Recommendation

"Within fourteen days after being served with a copy [of a Magistrate Judge's Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); accord 28 U.S.C. § 636(b)(1)(C). The court may adopt those portions of the report to which no timely objection has been made, as long as there is no clear error on the face of the record. Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). The District Court must review de novo "those portions of the report or

specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "To the extent, however, that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., No. 07 Civ. 6865, 2008 U.S. Dist. LEXIS 92267, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008)("Reviewing courts should review . . . for clear error where objections are 'merely perfunctory responses,' argued in an attempt to 'engage the district court in a rehashing of the same arguments set forth in the original petition.'" (citation omitted)). After conducting the appropriate levels of review, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate. 28 U.S.C. § 636(b)(1)(C).

B. Plaintiff's Objections to the Report

Plaintiff objects to the Report generally, noting that there had been talk of settlement before arbitration, but mostly arguing for "any given venue" that "would bring the truth out." (ECF No. 31.) The Court construes liberally the Complaint and submissions of pro se Plaintiff, and reads them to make the most reasonable claims and arguments that they may suggest. See, e.g., Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-76 (2d Cir. 2006)(per

curiam). Even affording Plaintiff a liberal reading, the argument merely rehashes the same arguments that she made before the Magistrate, namely that she did not verbally abuse the students. (Compare Pl.'s Reply Aff., ECF No. 25 with Obj., ECF No. 31.) However, as Judge Freeman concludes, Defendants provided Plaintiff with "unequivocal" notice "for the purposes of Rule 56," (Report at 19), and "Plaintiff has raised no challenge to either the authenticity of her signature on the Termination Letter or the 2009 date that it reflects," such that "no reasonable juror could find that Plaintiff was not then placed on notice of her termination." (Id. at 20.) Therefore, "[e]ven 'veiw[ing] the evidence in the light most favorable to' Plaintiff, and 'draw[ing] all reasonable inference in [her] favor,' there is no genuine issue" of material fact, (id.) and "Plaintiff's Title VII is time-barred claim is barred under the applicable law." (Id. at 22.)

The Court has reviewed Plaintiff's Objection to the Report and finds that all of her objections make general arguments, which reiterate the assertions made before Magistrate Judge Freeman. Accordingly, the Objection and the Report shall be reviewed only for clear error, and this Court finds none. See Indymac Bank, 2008 U.S. Dist. LEXIS 92267, 2008 WL 4810043, at *1; see also Ortiz, 558 F. Supp. 2d at 451.

III. CONCLUSION

Having conducted the appropriate level of review of the Report and Recommendation of United States Magistrate Judge Debra Freeman, dated July 17, 2013, this Court APPROVES, ADOPTS, and RATIFIES the Report's factual recitations, findings, and recommendations in their entirety. Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(5),(6) is converted to a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 and Local Rule 12.1, and the Motion for Summary Judgment is GRANTED. The Complaint is, therefore, DISMISSED and the Clerk of the Court is instructed to dismiss the Complaint with prejudice and to close the docket in this case.

Because Plaintiff has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253; see United States v. Perez, 129 F.3d 255, 260 (2d Cir. 1997). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

Dated: February 25, 2014
      New York, New York

                                        Deborah A. Batts
                                   United States District Judge